IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35959-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT LEE YATES, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — In 2000, Robert Lee Yates Jr. pleaded guilty to 13 counts of first degree murder and 1 count of attempted first degree murder. *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 35, 321 P.3d 1195 (2014). The first two counts involved crimes that occurred prior to the enactment of the Sentencing Reform Act of 1981, chapter 9.94A RCW. The original sentencing court listed the sentences for counts 1 and 2 as 20-year determinate sentences.

In 2015, Mr. Yates appealed the sentencing court's denial of his CrR 7.8 motion for resentencing on counts 1 and 2. This court ultimately remanded for the sentencing court to correct the judgment and sentence to reflect indeterminate life sentences for counts 1 and 2 instead of 20-year determinate sentences. *State v. Yates*, No. 33703-1-III, (Wash. Ct. App. July 11, 2017) (unpublished),

https://www.courts.wa.gov/opinions/pdf/337031_unp.pdf, *review denied*, 189 Wn.2d 1037 (2018).  Our prior decision specified that neither full resentencing, nor Mr. Yates's presence, was required at proceedings to correct the judgment and sentence.  *Id*. at 3-4.  A mandate on our decision was issued by our clerk on January 16, 2018.  RAP 12.5.

On remand, the sentencing court corrected Mr. Yates's judgment and sentence as directed by this court.  Specifically, Mr. Yates's sentence was corrected to reflect an indeterminate term of confinement of 240 months to life for both counts 1 and 2.  The court also noted that, given this correction, Mr. Yates's total term of confinement was 4,900 months to life.  Consistent with the terms of our decision, Mr. Yates was not present at the hearing.

Mr. Yates now appeals, arguing he improperly received indeterminate sentences on counts 3 through 14 and that he was denied his constitutional right of allocution.  Both claims are unpersuasive.

Mr. Yates's first argument is based on a misunderstanding of the sentencing court's order.  The only indeterminate sentences imposed were for counts 1 and 2.  Counts 3 through 14 continued to carry determinate terms.  The sentencing court's calculation of a total sentence of 4,900 months to life merely reflects the indeterminate

No. 35959-0-III
*State v. Yates*

nature of Mr. Yates's first two counts of conviction. It does not change the determinate

nature of the sentences for counts 3 through 14.

With respect to the right of allocution, our previous opinion specified that Mr.

Yates did not have the right to be present for the ministerial correction of his judgment

and sentence. This meant there was no right to allocution. Our prior decision became

final upon issuance of the mandate. The terms of that decision are now the law of the

case and we will not revisit them either in response to Mr. Yates's substantive appeal or

his statement of additional grounds for review. RAP 12.2.

This matter is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:


_____   _____
Lawrence-Berrey, C.J.            Fearing, J.

3